**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CIVIL ACTION NO. 13-1944 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| LUMISOL ELECTRICAL LTD., et al., | |
| Defendants. | |

**COOPER, District Judge**

This matter comes before the Court by way of the separate
motions to dismiss the First Amended Complaint ("Complaint") of
Plaintiff, Simon Nicholas Richmond ("Plaintiff"), pursuant to
Federal Rule of Civil Procedure 12(b)(6) by the following
defendants (collectively "Movants"): (1) Lumisol Electrical Ltd.;
Ethan Group, Inc.; Robert Kang; Costco Wholesale Corporation; and
Costco Wholesale Membership, Inc. (see dkt. entry no. 19), and (2)
Epoch Hometex, Inc. (see dkt. entry no. 34).  The Court has
considered the submissions made in support of and in opposition to
the motions and heard oral argument on April 7, 2014.  (See dkt.
entry no. 99.)  For the reasons that follow, Movants' motions to
dismiss are granted.

## I.   BACKGROUND

Because the Court writes only for the parties, the Court assumes their familiarity with the facts and sets forth only those facts particularly relevant for deciding these separate motions. For the purposes of these motions, the Court accepts the following facts asserted in Plaintiff's Complaint as true.

Plaintiff is in the business of developing, manufacturing, and selling solar-powered garden lighting. (Dkt. entry no. 4, Compl. at ¶ 35.)  He is the inventor and owner of United States Patents Nos. 7,196,477 A1 ("the '477 Patent"); 7,429,827 A1 ("the '827 Patent"); 8,362,700 A1 ("the '700 Patent"); and 8,089,370 A1 ("the '370 Patent").  (Id. at ¶¶ 36-39.)  The '700 Patent's application -- United States Patent Publication No. US 2011/0266953 A1 ("the '953 Published Application") -- was published on November 3, 2011.  (Id. at ¶ 40.)

Plaintiff initiated this lawsuit on March 27, 2013 and filed the instant Complaint on May 6, 2013 against the following defendants (collectively "Defendants"): Lumisol Electrical Ltd. ("Lumisol"); Ningbo Hangshun Electrical Co., Ltd.; Ethan Electronic Appliances (Ningbo) Co., Ltd.; Ethan Group, Ltd.; Ethan Group, Inc.; Epoch Hometex, Inc.; Robert Kang; Costco Wholesale Corporation; Costco Wholesale Membership, Inc.; and Pine Top Sales Corp.

The Complaint only alleges one count of patent infringement.  It asserts that Defendants are infringing or have infringed "one more [sic] claims of Plaintiff's '477 and '827 Color Changing Patents by making, using, selling, offering to sell, and/or importing the same solar-powered garden light, generally described as a Color-Changing Sun and Moon Solar Stake Path Light, and/or by knowingly inducing others to do so."  (Id. at ¶ 43.)  Several Defendants purportedly sold the infringing products under their own brand names -- for example, Lumisol -- and Plaintiff alleges that if they resume selling these products, these sales would infringe Plaintiff's '700 Patent and '370 Patent.  (Id. at ¶¶ 44-49.)  Plaintiff also claims that Defendants have sold "one or more other models of solar-powered garden lights that infringe one or more claims of" Plaintiff's patents.  (Id. at ¶¶ 50-56.)  Plaintiff further asserts that "Lumisol had actual notice of the '953 Published Application, which matured into the '700 Patent" and that Lumisol has infringed one or more claims of the '953 Published Application with one or more of its models of solar-powered garden lights. (Id. at ¶¶ 59-61.)

Plaintiff additionally alleges that several Defendants are alter egos of one another.  Specifically, he alleges that the subset of Defendants he refers to as "Lumisol/Ethan" are alter

egos of one another and that Robert Kang is the alter ego of
Lumisol/Ethan.  (Id. at ¶¶ 8, 11.)  "Lumisol/Ethan" includes:
"[Lumisol], Ningbo Hangshun, Ethan Electronic, Ethan Group,
Ltd., Ethan Group, Inc., and Epoch Hometex."  (Id. at ¶ 9.)  He
also alleges that Costco Wholesale Corporation and Costco
Wholesale Membership, Inc. (collectively "Costco") are alter
egos of one another.  (Id. at ¶¶ 15-16.)

Movants have separately moved to dismiss the Complaint in
its entirety.  (See dkt. entry nos. 19, 34.)  Movants argue that
Plaintiff's induced infringement allegations are insufficient
because they fail to identify the induced party, to demonstrate
specific intent by Defendants to induce infringement, and to
show knowledge by Defendants that the third-party's acts would
constitute infringement.  (Dkt. entry no. 19-1, Defs.' Br. in
Supp. of Mot. to Dismiss at 4.)  Movants also contend that
Plaintiff's direct infringement allegations are deficient
because they fail to identify which Defendant violated which
patent with which product.  (See id. at 5-7.)  Moreover, Movants
assert that Plaintiff has inadequately pleaded his alter-ego
claims because he failed to address the requisite alter-ego
factors and provide factual allegations for each of the
individual Defendants.  (See id. at 7-8.)  Plaintiff responds
that all the requisite pleading requirements are satisfied by

his Complaint, although, seemingly, he would require the reader
to jump around to different sections to find all of the
necessary components of his claims. (See dkt. entry no. 39,
Pl.'s Br. in Opp'n at 5-12.)

## II.   DISCUSSION

### A.   Direct Infringement

Whether Plaintiff's Complaint adequately pleads direct
infringement is measured by the specificity required by Form 18,
the sample complaint in the Appendix of Forms to the Federal Rules
of Civil Procedure.  In re Bill of Lading Transmission & Processing
Sys. Patent Litig., 681 F.3d 1323, 1334 (Fed. Cir. 2012).  Form 18
requires:

> (1) an allegation of jurisdiction; (2) a statement that
> the plaintiff owns the patent; (3) a statement that
> defendant has been infringing the patent by making,
> selling, and using [the device] embodying the patent;
> (4) a statement that the plaintiff has given the
> defendant notice of its infringement; and (5) a demand
> for an injunction and damages.

Id. (internal quotation marks and citation omitted).

The Court concludes that Plaintiff's Complaint is deficient
when measured by Form 18's specificity requirements. (See Fed. R.
Civ. P. Form 18.)  Plaintiff's shot-gun, one-count Complaint
against multiple defendants based upon four patents is inadequate
even when measured by the liberal pleading requirements of Form 18.
Plaintiff lumps his direct infringement and indirect infringement

claims into one lengthy and rambling count.  Plaintiff's use of an "umbrella" paragraph at the beginning of his sole count -- which identifies multiple patents and Defendants and includes both direct and indirect infringement claims (see Compl. at ¶ 43) -- is likewise improper.  This pleading does not provide Defendants with the notice to which they are entitled under the Federal Rules of Civil Procedure.

If Plaintiff seeks to amend his Complaint, given the number of patents and parties at issue, Defendants have ample grounds to request separate counts for clarity.  Specifically, consistent with Form 18's references to "defendant" and "patent" in the singular form (see Fed. R. Civ. P. Form 18), Plaintiff's allegations should be broken into separate counts linking each individual Defendant with a violation of a single patent -- or, in other words, each count should contain only one patent and one Defendant.  The description of the infringing product may, consistent with Form 18, be described generically.[1]

Another issue warranting consideration at this juncture is Plaintiff's allegations relating to "infringement of [his] provisional rights in the '953 Published Application" by Defendant Lumisol.  (Compl. at ¶ 61.)  Plaintiff alleges that he "is entitled

---

[1]     While Form 18 does not require Plaintiff to identify which patents' claims are asserted against which accused products, he will be required to do so by Local Patent Rule 3.1.

to recover a reasonable royalty pursuant to 35 U.S.C. § 154(d)(1)."

(<u>Id.</u>) Movants have argued that § 154(d)(1) does not provide a cause of action for infringement of a published application but instead permits a plaintiff to recover a "reasonable royalty" in some circumstances. (Dkt. entry no. 43, Defs.' Reply Br. at 4-5.) The Court concludes that the '953 Published Application should not be included as part of Plaintiff's allegations of patent infringement. Instead, the '953 Published Application and § 154(d)(1) may be referenced as an element of damages in the damages section of any potential amended complaint.

**B.    Indirect or Induced Infringement**

With respect to claims for indirect or induced infringement, Form 18, which applies only to direct infringement, does not control. Rather, the sufficiency of pleadings for indirect infringement is measured by the United States Supreme Court's precedents under Federal Rule of Civil Procedure 8(a)(2). <u>In re Bill of Lading</u>, 681 F.3d at 1336-37. In order for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v.</u>

Twombly, 550 U.S. 544, 556, 570 (2007)). Allegations "that are 'merely consistent' with a defendant's liability . . . 'stop[] short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

Claims for indirect infringement must contain factual allegations that are "sufficient to allow an inference that at least one direct infringer exists" as well as allegations that the defendants "knowingly induced infringement and possessed specific intent to encourage another's infringement." In re Bill of Lading, 681 F.3d at 1336, 1339 (quoting DSU Med. Corp. v. JMC Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Here, Plaintiff has failed to plead such allegations. Plaintiff has not alleged facts supporting induced infringement beyond references lumped in with his direct infringement allegations stating that Defendants "and/or have induced" and "and/or knowingly induce[]" others to infringe his patents. (See Compl. at ¶¶ 48, 50.)

Should Plaintiff seek leave to amend his Complaint, he must allege factual allegations supporting the elements of induced infringement -- a direct infringer, knowledge, and specific intent -- as to each Defendant who is allegedly liable for induced infringement. He should name only one Defendant per count for induced infringement. He may incorporate other portions from his new complaint by reference and may identify more than one patent in

his induced infringement counts.  However, his counts for indirect infringement should be separate from his counts for direct infringement.

## C.   Other Issues as to Infringement Claims

Movants also assert that Plaintiff has not alleged infringement of the '700 Patent and the '370 Patent because he merely asserts that those patents would be infringed if Defendants' sales resumed in the future.  (Defs.' Br. in Supp. of Mot. to Dismiss at 5.)  Plaintiff counters that the allegations relating to these patents support his "right to an injunction."  (Pl.'s Br. in Opp'n at 8-9.)  The Court concludes that, should Plaintiff attempt to amend his Complaint, allegations relating to the potential for resumed sales should be stricken and not be repeated. Additionally, with respect to Plaintiff's willful infringement claim, if Plaintiff moves for leave to amend his Complaint, he may maintain a separate count for willful infringement, and he may incorporate by reference his allegations in other portions of his new complaint.

## D.   Alter-Ego Claims

To state a plausible alter-ego claim, a plaintiff must allege more than "bare-boned allegations of undercapitalization and common control and/or management." Holzli v. Deluca Enters., No. 11-6148, 2012 WL 983693, at *2-3 (D.N.J. Mar. 21, 2012) (quoting Wrist

Worldwide Trading GMBH v. MV Auto Banner, No. 10-2326, 2011 WL
5414307, at *5-6 (D.N.J. Nov. 4, 2011)).  A plaintiff must
affirmatively plead both the factors for alter-ego liability and
the factual underpinnings supporting those factors with respect to
each individual defendant.  See Holzli, 2012 WL 983693, at *3;
Wrist Worldwide, 2011 WL 5414307, at *5.[2]

     Plaintiff's allegations here are insufficient to "rise to the
level of plausibility required to survive a 12(b)(6) motion."  See
Holzli, 2012 WL 983693, at *3 (quoting Wrist Worldwide, 2011 WL
5414307, at *5-6).  Aside from Defendants' similar names and same
addresses, Plaintiff merely states in the Complaint that groups of
Defendants are alter egos of each other "[u]pon information and
belief" and that Kang is "the active, conscious, and moving force
behind" Lumisol/Ethan.  (Compl. at ¶¶ 8, 11, 15.)  This is
strikingly different from cases in which the claim for corporate
veil piercing was properly plead because the claim was "supported
by factual allegations illustrating why or how the defendants, for

---

[2]    Plaintiff argues, in passing, that his alter-ego allegations
must be measured against Form 18 and not against the standards
discussed in Holzli and Wrist Worldwide.  (See Pl.'s Br. in Opp'n
at 7-8.)  Plaintiff appeared to abandon this theory at oral
argument.  In any event, the Court is not persuaded that Form 18 is
the standard for alter-ego allegations in a patent infringement
case.  See Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1364-65
(Fed. Cir. 2013) (applying state law to alter-ego allegations in a
patent infringement case).

example, failed to observe corporate formalities and commingled funds." <u>Holzli</u>, 2012 WL 983693, at *3.

If Plaintiff attempts to amend his Complaint, to be successful, he must allege, with respect to each Defendant for whom he wishes to impose alter-ego liability, factual allegations linking the particular Defendant to the alter-ego factors. Plaintiff is permitted to incorporate by reference other portions of his new complaint in his alter-ego allegations, but he must plead his alter-ego claims with factual allegations unique to each Defendant for whom he seeks alter-ego liability.

### III. CONCLUSION

For these reasons, Movant's separate motions to dismiss (dkt. entry nos. 19, 34) will be granted, and the Complaint will be dismissed in its entirety.[3]  Should Plaintiff wish to amend his Complaint consistent with this opinion, he must, within thirty days of this opinion and accompanying order, file a motion for leave to amend the pleading with his proposed Second Amended Complaint attached.  This will provide Defendants with the opportunity to engage in responsive motion practice.  The Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: April 10, 2014

---

[3]    Not all of the named Defendants in this matter have moved to dismiss.  However, because the pleading is deficient as to all parties, the Complaint is dismissed as to all Defendants.

12