**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CIVIL ACTION NO. 13-1944 (MLC) |
| Plaintiff, | |
| v. | |
| LUMISOL ELECTRICAL LTD., et al., | |
| Defendants. | |

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CIVIL ACTION NO. 13-1949 (MLC) |
| Plaintiff, | |
| v. | |
| QUANZHOU BRIGHT SOLAR ENERGY CO. LTD, et al., | |
| Defendants. | |

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CIVIL ACTION NO. 13-1950 (MLC) |
| Plaintiff, | |
| v. | |
| DAINTILY LLC, et al., | |
| Defendants. | |

SIMON NICHOLAS RICHMOND,

    Plaintiff,

    v.

WINCHANCE SOLAR FUJIAN TECHNOLOGY
CO. LTD., et al.,

    Defendants.

CIVIL ACTION NO. 13-1951 (MLC)


SIMON NICHOLAS RICHMOND,

    Plaintiff,

    v.

JIAWEI NORTH AMERICA INC., et al.,

    Defendants.

CIVIL ACTION NO. 13-1952 (MLC)


SIMON NICHOLAS RICHMOND,

    Plaintiff,

    v.

JIAWEI NORTH AMERICA INC., et al.,

    Defendants.

CIVIL ACTION NO. 13-1953 (MLC)

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CIVIL ACTION NO. 13-1954 (MLC) |
| Plaintiff, | |
| v. | |
| WINCHANCE SOLAR FUJIAN TECHNOLOGY CO. LTD., et al., | |
| Defendants. | |

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CIVIL ACTION NO. 13-1957 (MLC) |
| Plaintiff, | |
| v. | |
| CHIEN LUEN INDUSTRIES CO., LTD., INC., et al., | |
| Defendants. | |

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CIVIL ACTION NO. 13-1958 (MLC) |
| Plaintiff, | |
| v. | |
| ATICO INTERNATIONAL (ASIA) LTD., et al., | |
| Defendants. | |

SIMON NICHOLAS RICHMOND,                    CIVIL ACTION NO. 13-1959 (MLC)

    Plaintiff,

    v.

WINCHANCE SOLAR FUJIAN TECHNOLOGY
CO. LTD., et al.,

    Defendants.

SIMON NICHOLAS RICHMOND,                    CIVIL ACTION NO. 13-1960 (MLC)

    Plaintiff,

    v.

SMART SOLAR INC., et al.,

    Defendants.

SIMON NICHOLAS RICHMOND,                    CIVIL ACTION NO. 13-2916 (MLC)

    Plaintiff,

    v.

WALGREEN CO.,

    Defendant.

**MEMORANDUM OPINION**

**COOPER, District Judge**

    This matter comes before the Court by way of the separate appeals by several defendants from the Magistrate Judge's February 4, 2014 Memorandum and Order ("Magistrate Judge's Decision").  The

Magistrate Judge denied the separate motions of several of the defendants in multiple actions brought by Plaintiff, Simon Nicholas Richmond ("Plaintiff"). (See Case No. 13-1944, dkt. entry no. 91, Magistrate Judge's Decision.)[1] The twelve actions brought by Plaintiff in this District have been consolidated for purposes of case management and pretrial discovery. (See, e.g., Case No. 13-1944, dkt. entry no. 103, Consolidation Order.)[2] The separate appeals before the Court are from the following groups of defendants (collectively "Appellants"):

(1)   Coleman Cable, Inc. ("Coleman") (Case No. 13-1951, dkt. entry no. 198; Case No. 13-1953, dkt. entry no. 93; Case No. 13-1954, dkt. entry no. 90; Case No. 13-1959, dkt. entry no. 116)[3];

---

[1]   For the ease of the reader, the Court will cite only to Case No. 13-1944 for the content of the Magistrate Judge's Decision. However, the same decision appears on four other dockets. (Case No. 13-1951, dkt. entry no. 197; Case No. 13-1953, dkt. entry no. 90; Case No. 13-1954, dkt. entry no. 89; Case No. 13-1959, dkt. entry no. 115.)

[2]   The Magistrate Judge consolidated the following cases, effective August 20, 2013: 13-1944; 13-1949; 13-1950; 13-1951; 13-1952; 13-1953; 13-1954; 13-1957; 13-1958; 13-1959; 13-1960; and 13-2916 (collectively "the Consolidated Cases"). (Case No. 13-1944, dkt. entry no. 103; Case No. 13-1949, dkt. entry no. 49; Case No. 13-1950, dkt. entry no. 22; Case No. 13-1951, dkt. entry no. 213; Case No. 13-1952, dkt. entry no. 43; Case No. 13-1953, dkt. entry no. 98; Case No. 13-1954, dkt. entry no. 100; Case No. 13-1957, dkt. entry no. 41; Case No. 13-1958, dkt. entry no. 44; Case No. 13-1959, dkt. entry no. 126; Case No. 13-1960, dkt. entry no. 50; Case No. 13-2916, dkt. entry no. 18.)

[3]   For the ease of the reader, going forward the Court will cite only to Case No. 13-1951 for Coleman's submissions, and Plaintiff's response thereto, for this appeal.

(2)    Wayfair, LLC and Wayfair, Inc. (Case No. 13-1951, dkt. entry no. 199); and

(3)    True Value Retail, Inc.; True Value Company; Outsourcing in Asia, LLC; CVS Caremark Corporation; Caremark, PHC LLC; Ace Hardware Corporation; Orgill, Inc.; Lowes Home Centers, Inc.; Lowe's Companies, Inc.; Rite Aid Corporation; and Walgreen Co. (collectively "the Dentons Retailer Defendants").  (Case No. 13-1944, dkt. entry no. 92.)[4]

For the reasons that follow, the Magistrate Judge's Decision will be reversed.  The Court will sever the claims against the moving defendants and will refer the matter for further proceedings by the Magistrate Judge on which claims against which defendants should be stayed in accordance with this Memorandum Opinion.[5]

## I.    BACKGROUND

Because the Court writes only for the parties, the Court assumes their familiarity with the facts and procedural history and sets forth only those facts relevant for deciding these separate appeals.

---

[4]    The Dentons Retailer Defendants are defendants in a number of the Consolidated Cases initiated by Plaintiff.  (See Case No. 13-1944, dkt. entry no. 92, Dentons Retailer Defs.' Appeal.)

[5]    In addition to Appellants, several other defendants in the Consolidated Cases also filed separate motions joining some or all of Coleman's motion to sever and stay (collectively "moving defendants"):  Lumisol Electrical Ltd.; Ethan Group, Ltd.; Ethan Group, Inc.; Epoch Hometex, Inc.; Robert Kang; Costco Wholesale Corporation; Costco Wholesale Membership, Inc.; Creative Industries, LLC; Creative Industries, Ltd.; Target Corporation; Harbor Freight Tools USA, Inc.; Central Purchasing, LLC; and Unbeatablesale.com.  (See Magistrate Judge's Decision at 3-4.)

Plaintiff has initiated twelve lawsuits against the defendants who operate as manufacturers, importers, distributors, suppliers, and retailers in the solar-powered garden light product industry.  There are over eighty defendants named in the twelve lawsuits to date.  In these lawsuits, Plaintiff contends that the defendants have infringed one or more of his patents by their manufacture, distribution, and sale of the accused products.

Appellants and moving defendants moved to sever the claims against Coleman from the claims against all the other defendants pursuant to Federal Rule of Civil Procedure 21 ("Rule 21") and 35 U.S.C. § 299, and to stay the severed claims against the downstream retailer defendants -- who merely resold Coleman branded products and whom Coleman has agreed to indemnify in these actions -- pending the outcome of Plaintiff's claims against Coleman.  The Magistrate Judge denied these motions without prejudice.  (See Magistrate Judge's Decision.)

The Magistrate Judge properly recognized that 35 U.S.C. § 299, which sets forth the "scope of joinder in patent infringement cases," permits joinder of accused infringers "only if" the relief arises "out of the same transaction" relating to "the same accused product or process."  (Id. at 4-5 (quoting 35 U.S.C. § 299).)  Applying § 299, the Magistrate Judge concluded

7

that Plaintiff identified the "same accused product" for all of the defendants in each, individual action.  (Id. at 7-8.)  Once the defendants were properly joined, Plaintiff was permitted to assert "related claims against properly joined Defendants." (Id. at 8.)  With respect to the "same transaction" requirement, the Magistrate Judge considered whether the infringing acts of the defendants "share[d] an aggregate of operative facts."  (Id. (quoting In re EMC Corp., 677 F.3d 1351, 1359 (Fed.Cir. 2012)).) The Magistrate Judge found that, at that stage of the litigation, the same transaction requirement was satisfied by the pleadings, specifically that the defendants shared a common Chinese manufacturer and that certain retailer defendants engaged in private labeling of the accused products.  (Id. at 9-10.)  The Magistrate Judge also determined that staying claims against certain defendants would not increase judicial efficiency.  (Id. at 10.)

Appellants have appealed from the Magistrate Judge's Decision.  (See Case No. 13-1951, dkt. entry nos. 198, 199; Case No. 13-1944, dkt. entry no. 92.)

## II.  STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions," and a district

court, on appeal, "may modify or set aside a magistrate judge's non-dispositive order if the ruling was clearly erroneous or contrary to law." Eisai Co. v. Teva Pharm. USA, Inc., 629 F.Supp.2d 416, 424 (D.N.J. 2009) (internal quotation marks and citation omitted).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004) (citation and alteration omitted).  A ruling of a Magistrate Judge is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law."  Id.

The party appealing the Magistrate Judge's order bears the burden of demonstrating that the order was "contrary to law" or "clearly erroneous."  Id.  "While a magistrate judge's decision typically is entitled to deference, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo." Eisai Co., 629 F.Supp.2d at 424 (internal quotation marks and citation omitted).

### III. JOINDER OF PARTIES UNDER THE AMERICA INVENTS ACT

For civil actions commenced prior to September 16, 2011, joinder of claims and parties in all cases is evaluated under Federal Rule of Civil Procedure 20 ("Rule 20").  See In re EMC Corp., 677 F.3d 1351, 1356 (Fed.Cir. 2012).  Pursuant to Rule 20,

"Defendants may be joined in a single action only if the two independent requirements . . . are satisfied: (1) the claims against them must be asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and (2) there must be a 'question of law or fact common to all defendants.'" Id. (quoting Fed.R.Civ.P. 20(a)(2)). While an allegation of joint liability always satisfies the transaction-or-occurrence test, such an allegation is not required for joinder. Id. Additionally, "the fact that the defendants are independent actors does not preclude joinder" as long as the requirements of Rule 20 are satisfied. Id. However, "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." Id. at 1357.

On September 16, 2011 the America Invents Act (the "AIA") was signed into law. Omega Patents, LLC v. Skypatrol, LLC, No. 11-24201, 2012 WL 2339320, at *1 (S.D. Fl. June 19, 2012). For civil actions commenced after September 16, 2011, the AIA, specifically 35 U.S.C. § 299(a), controls the joinder analysis. See In re EMC Corp., 677 F.3d at 1355-56; Omega Patents, LLC, 2012 WL 2339320, at *1-2. Section 299 of the AIA provides, in part:

(a) Joinder of accused infringers. -- With respect to any civil action arising under any Act of Congress

10

relating to patents, other than an action or trial in
which an act of infringement under section 271(e)(2) has
been pled, parties that are accused infringers may be
joined in one action as defendants or counterclaim
defendants, or have their actions consolidated for
trial, only if --

> (1) any right to relief is asserted against the
> parties jointly, severally, or in the alternative
> with respect to or arising out of the same
> transaction, occurrence, or series of transactions
> or occurrences relating to the making, using,
> importing into the United States, offering for
> sale, or selling of the same accused product or
> process; and

> (2) questions of fact common to all defendants or
> counterclaim defendants will arise in the action.

35 U.S.C. § 299.  "The AIA's joinder provision is more stringent

than Rule 20," and the AIA "adds a requirement that the transaction

or occurrence must relate to making, using, or selling the same

accused product or process."  In re Nintendo Co., 544 Fed.Appx.

934, 939 (Fed.Cir. 2013).  Thus, the AIA limits "the number of

accused infringers that can be joined as defendants in one lawsuit,

thereby creating the possibility of more lawsuits on the same

patent."  See Lighting Ballast Control LLC v. Phillips Elecs. N.

Am. Corp., 744 F.3d 1272, 1293 (Fed.Cir. 2014).

Even where the requirements of § 299 are satisfied, joinder is

not definitively mandated.  "Given the permissive nature of the

applicable rules, . . . these requirements [are] necessary, but not

sufficient, conditions for joinder."  In re Nintendo Co., 544

Fed.Appx. at 939.  Joinder may still be refused, even where these

11

requirements are satisfied, "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." Id. (quoting In re EMC Corp., 677 F.3d at 1360). "In a complicated patent litigation a large number of defendants might prove unwieldy, and a district court would be justified in exercising its discretion to deny joinder when different witnesses and documentary proof would be required." In re EMC Corp., 677 F.3d at 1360 (internal quotation marks and citation omitted).

While there is no decision yet from the Federal Circuit or the United States District Court for the District of New Jersey discussing the application of the AIA's joinder rule, other district courts considering § 299 have interpreted it similarly. Generally speaking, district courts have found that the presence, in an infringement action, of multiple defendants competing at the same level in the stream of commerce -- for example two defendants both manufacturing accused products who are competitors and not acting in concert -- would result in misjoinder under § 299 because they would not satisfy the same transaction or occurrence requirement. See, e.g., MGT Gaming, Inc. v. WMS Gaming, Inc., No. 12-741, 2013 WL 5755247, at *7-8, 10 (S.D. Miss. Oct. 23, 2013); Digitech Image Techs., LLC v. Agfaphoto Holding GMBH, No. 12-1153, 2012 WL 4513805, at *3 (C.D. Cal. Oct. 1, 2012); Omega Patents,

12

LLC, 2012 WL 2339320, at *2.  In contrast, multiple defendants operating at different levels in the same stream of commerce -- for example, one manufacturer defendant (the upstream defendant) and one retailer defendant (the downstream defendant) -- can be properly joined pursuant to § 299 where the upstream defendant provides the product to the downstream defendant.  See, e.g., MGT Gaming, Inc., 2013 WL 5755247, at *9; Omega Patents, LLC, 2012 WL 2339320, at *2.

While a downstream defendant may be properly joined with the upstream defendant based on their transaction in the same stream of commerce, courts have exercised their discretion to sever the claims against the downstream defendant from the upstream defendant and then stay the severed claims against the downstream defendant given the "peripheral nature" of claims against the downstream defendant.  See, e.g., MGT Gaming, Inc., 2013 WL 5755247, at *11-13.  Specifically, "[a] patent infringement claim against a retailer, distributor, or customer of infringing products is peripheral to a claim against a manufacturer."  Id. at *12.  The rationale behind severing and staying in these circumstances is that "second-hand entities like retailers or distributors [are] not involved and [would] not have substantive knowledge about the patent infringement, which would begin at the design and manufacture stages."  See id.  The upstream defendant represents

"the real party in interest," and ultimately, an infringement claim against the upstream defendant "is more likely to restore contested property rights nationwide than securing an injunction" against a downstream defendant purchaser.  See id. at *13.  Moreover, the downstream defendant would only be liable if the upstream defendant infringed the plaintiff's patent, and thus, adjudication of the patent infringement claim against the upstream defendant often disposes of the claim against the downstream defendant.  See id.

## IV.   PARTIES' ARGUMENTS

### A.   Coleman's Arguments in Support of Appeal

Coleman contends that joinder of direct competitors is not permitted under the AIA, absent allegations of concerted action, because they "do not share operative facts."  (See Case No. 13-1951, dkt. entry no. 198-1, Coleman's Br. in Supp. of Appeal at 14-20.)  Coleman argues that its sales to its retailers are not the same transactions as a competitor distributor's sales to retailers.

14

(<u>Id.</u> at 19.)[6]  Nor are there allegations that the defendants engaged in a conspiracy or any concerted action.  (<u>Id.</u> at 10.)  In fact, Plaintiff alleges that defendants "copied one another's products."  (<u>Id.</u>)

According to Coleman, the Magistrate Judge's failure to appropriately sever the claims here contributed to the Magistrate Judge's decision to deny the motion to stay.  (<u>Id.</u> at 22.)  Thus, "Coleman is currently forced to defend and pay for the defense of numerous retailers in this litigation, whose interests are peripheral to the critical issue presented –– whether the Coleman-Branded Accused Products infringe Plaintiff's patents in suit." (<u>Id.</u>)  Additionally, Coleman asserts that it is defending and indemnifying many of the retailer defendants with respect to the Coleman branded products they sold.  (<u>Id.</u> at 8.)

---

[6]     Coleman identifies the other distributors who are its competitors in Case No. 13-1951 as: "Alpine Corporation, Garden Sun Light, Inc., Outsourcing in Asia, LLC, Central Purchasing LLC, Resurs2 Corporation, Unbeatable Sale.com and NII Northern International, Inc."  (Coleman's Br. in Supp. of Appeal at 9.) Coleman also asserts that the competitor manufacturers identified in Case No. 13-1951 are: "Winchance Solar Fujian Technology Co., Ltd., Quanzhou Bright Solar Energy Co. Ltd., Jeeyee Solar Energy Int'l Development Co. and Quanzhou Jeeyee Solar Energy Co., Ltd." (<u>Id.</u>)  In Case Nos. 13-1953 and 13-1954, Coleman's competitors are: "Creative Industries, Garden Sun Light and Jiawei."  (<u>Id.</u> at n.6.) In Case No. 13-1959, Coleman's competitors are: "Strokin LLC, Import Specialties (d/b/a Heartland America) and NII Northern International."  (<u>Id.</u>)

15

**B.     Plaintiff's Arguments in Support of Magistrate Judge's Decision**

Plaintiff argues that the AIA did not change Rule 20's transaction or occurrence prong such that competitors cannot be joined unless they acted in concert; rather, the AIA adopted Rule 20's transaction or occurrence language and added the requirement of a "same accused product or process."  (See Case No. 13-1951, dkt. entry no. 201, Pl.'s Br. in Opp'n at 10-11, 14.)  Therefore -- according to Plaintiff -- the Federal Circuit's test from In re EMC Corp. controls.  (Id. at 12.)  Under In re EMC Corp., Plaintiff argues, the test for joinder is a "flexible" standard which considers multiple factors to be weighed in the Magistrate Judge's discretion.  (Id. at 7-8, 12.)  Allegations of joint liability are not required for joinder.  (Id. at 12 (citing In re EMC Corp., 677 F.3d at 1356).)  Plaintiff argues that the claims in the AIA cases relied upon by Coleman were severed based on the failure to satisfy the same accused product requirement because the manufacturers were different.  (Id. at 14-18.)

Plaintiff further contends that the decision to grant a stay "is entirely within the discretion of the court."  (Id. at 9.)  He asserts that the retailer defendants are not peripheral but rather are directly involved in the infringement because, in addition to selling Coleman products, they sold identical products under their own brand names and labels, indicating "that they have some role in

16

the configuration of the product[s]." (Id. at 19-20.) Moreover, Plaintiff argues, "[w]ithout a decision against the retailer defendant, not just Coleman, the defendants that now purchase infringing product[s] from Coleman could go to another vendor, and have a history of doing so." (Id. at 24.)

## C.   **Coleman's Reply**

Coleman argues that Plaintiff's attempts to distinguish the cases Coleman replies upon from other districts are "intentionally myopic" in that Plaintiff focuses only on the courts' discussion of the "same product" requirement of § 299 while ignoring the treatment of competitors under the "same transaction" requirement. (Case No. 13-1951, dkt. entry no. 203, Coleman's Reply Br. at 6-11.) With respect to Plaintiff's arguments against Coleman's request for a stay, Coleman contends that, absent allegations in the complaints that the retailer defendants participated "in the production, design or manufacture of the Coleman-Branded Accused Products," the retailer defendants are peripheral to Coleman. (See id. at 14.)

## V.   DISCUSSION

The primary issue before the Court is whether competitors can be joined in a patent infringement action under 35 U.S.C. § 299 when they are not alleged to have conspired or acted in concert. This is purely an issue of law, and thus the Court's review of the

Magistrate Judge's Decision is de novo.  See Eisai Co., 629
F.Supp.2d at 424.

This is an issue of first impression in this district.  The
prevailing view in other jurisdictions is that § 299 does not
permit such joinder.  See, e.g., MGT Gaming, Inc., 2013 WL 5755247,
at *7-8, 10; Digitech Image Techs., LLC, 2012 WL 4513805, at *3;
Omega Patents, LLC, 2012 WL 2339320, at *2.  The Court agrees with
this approach and concludes that direct competitors may not be
joined in a patent infringement action pursuant to § 299, absent
allegations of concerted action.  Logically, competitors, absent a
conspiracy, are not part of the same transaction.  For example,
where the same manufacturer sells the same accused product to two
importers who then sell to the same retailer, there are multiple
streams of commerce and multiple transactions: (1) manufacturer A
to importer A to retailer A; and (2) manufacturer A to importer B
to retailer A.  The two importers -- who are competitors -- are not
part of the "same transaction," as demonstrated by this example.

The secondary issue before the Court is whether participants
at different levels in the same stream of commerce -- e.g.,
manufacturer A to importer A to retailer A -- are part of the same
transaction.  The Court concludes, consistently with the decisions
of other district courts, that these participants may be part of
the same transaction under § 299.  See, e.g., MGT Gaming, Inc.,

2013 WL 5755247, at *9; Omega Patents, LLC, 2012 WL 2339320, at *2.
However, satisfaction of the same product and same transaction
requirements of § 299 is a necessary, but not a sufficient,
precondition to joinder in a patent infringement action.  See In re
Nintendo Co., 544 Fed.Appx. at 939.  Other considerations include
judicial economy and fundamental fairness.  See id.  Also, pursuant
to Rule 21, "[o]n motion or on its own, the court may at any time,
on just terms, add or drop a party" or "sever any claim against a
party."

     Against this backdrop, the Court concludes that the competitor
defendants here are not part of the same transaction since they are
not alleged to have acted in concert.  Thus, they were improperly
joined in the same actions and the claims against them should be
severed.  These competitor defendants should not be included in the
same actions, particularly where sensitive and confidential
information about competitors will likely be revealed in discovery
in this matter.

     With respect to the defendants operating in the same stream of
commerce at different levels, § 299 would permit joinder of these
defendants in one action.  However, some of defendants have agreed
to indemnify other defendants, particularly those downstream in the
stream of commerce.  Thus, in those circumstances, the indemnifying
defendant is "the real party in interest" for the purposes of the

19

patent infringement claims, and the indemnified defendant is peripheral.  See MGT Gaming, Inc., 2013 WL 5755247, at *12. Therefore, principles of judicial economy counsel that the claims against the downstream defendants be severed as well and then stayed pending the resolution of the claims against the upstream defendants.

The Court believes that the purposes of efficiency and judicial economy will best be served by severing the claims against all defendants in all twelve actions from one another, not just the claims against the moving defendants who sought severance before the Magistrate Judge.  In this way, competitor defendants would not be joined in violation of § 299, and the complexity of the action would be reduced by separating upstream defendants from downstream defendants, who will be indemnified by the upstream defendants. The Court is cognizant that not all defendants have sought such severance, but the Court is inclined to exercise its prerogative under Rule 21 to sever the claims as to these non-moving defendants as well.  The Court will issue an order to show cause why the claims against all defendants in all twelve actions brought by Plaintiff in this District should not be severed.

The Court further concludes that all claims against downstream defendants who will be indemnified by upstream defendants in all twelve actions should be stayed pending the resolution of the

issues as to the upstream defendants.  However, despite significant effort, the Court is unable to discern from the pleadings the level of commerce at which many of the defendants operate.  Thus, the Court will refer to the Magistrate Judge the issue of which claims against which defendants should be stayed.  The Court notes that defendants with stayed claims are still subject to discovery, particularly with regard to the identification of products sold and the nature of any indemnity agreements.  The Magistrate Judge may exercise the discretion to enter any necessary confidentiality orders with respect to this discovery.

## VI.   CONCLUSION

For these reasons, the Court will reverse the decision of the Magistrate Judge on the motions to sever and stay.  The Court will refer the matter to the Magistrate Judge for further proceedings to determine which defendants are indemnitees of other defendants and thus should have the claims against them stayed.  The Court will issue an appropriate order.  Further, the Court will issue an order to show cause to Plaintiff concerning why the Court should not sever all defendants in all actions from one another into separate actions.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: April 30, 2014

21