NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, | CONSOLIDATED CIVIL ACTION |
| Plaintiff, | NO. 13-1944 (MLC) |
| v. | **MEMORANDUM OPINION** |
| NINGBO HANGSHUN ELECTRICAL CO., LTD., et al., | |
| Defendants. | |

**SEVERAL SEPARATE MOTIONS** to dismiss certain claims and to impose a stay are pending before this Court. This Court will now address these separate motions

**THE PLAINTIFF** — who is in the business of developing, manufacturing, and selling solar-powered garden lights — is the inventor and owner of, inter alia: United States Patent No. ("No.") 7,196,477 ("the '477 Patent"); No. 7,429,827 ("the '827 Patent"); No. 8,089,370 ("the '370 Patent"); No. 8,362,700 ("the '700 Patent"); and several related patents ("Related Patents"). (See dkt. 100 at 2.) The plaintiff has brought several actions for infringement of the '477 Patent, the '827 Patent, the '370 Patent, the '700 Patent, and the Related Patents against many manufacturers, importers, suppliers, and retailers of solar-powered garden-light products. (See id. at 3; dkt. 91 at 3; dkt. 105 at 7.) The Magistrate Judge consolidated those separate actions ("Consolidated Actions") for the purposes of case management and discovery, and specifically ordered that all

related filings were to be filed under this civil action number.  (See, e.g., dkt. 36 at 3; dkt. 103 at 4; dkt. 105 at 5; dkt. 143 at 11–12; dkt. 219 at 3.)

**THE '477 PATENT, THE '827 PATENT, THE '370 PATENT, AND THE '700 PATENT** either have been or are the subject of proceedings before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office.[1]  As to the '477 Patent, several of the entities listed as defendants by the plaintiff in the Consolidated Actions ("Entities") petitioned the PTAB to institute an inter partes review ("IPR") to invalidate the '477 Patent for being obvious.  See 35 U.S.C. § 311; see also PTAB Case No. IPR2014-00936, dkt. 1 at 1–2, 9, 32–34, 38–41, 48–53, 58.  The PTAB issued a decision — which featured comprehensive analysis and claim construction — granting the petition and instituting an IPR.  See id., dkt. 22 at 2, 19–20.  The PTAB, in doing so, found that the Entities "demonstrated a reasonable likelihood of showing that [the] claims . . . of the '477 patent are unpatentable." Id. at 2.  This Court's review of the PTAB's docket reveals that this IPR is ongoing and is being actively litigated.  See, e.g., id., dkt. 56, 8-26-15 PTAB Order Granting Request for Oral Argument.

**THE ENTITIES** also petitioned the PTAB to institute an IPR to invalidate the '827 Patent for being obvious.  See, e.g., PTAB Case No. IPR2014-00938, dkt. 2 at 1–2, 9, 18, 29–31, 41–45, 51–53.  The PTAB issued a decision — which featured comprehensive analysis and claim construction — granting the petition insofar as it

---

[1] The electronic filing and case management system of the PTAB can be accessed at https://ptabtrials.uspto.gov.

concerned certain claims of the '827 Patent ("Certain Claims"), denying the petition insofar as it concerned claims other than the Certain Claims ("Other Claims"), and instituting an IPR as to the Certain Claims.  See id., dkt. 21 at 2, 20.  The PTAB, in doing so, found that the Entities "demonstrated a reasonable likelihood of showing that [the Certain Claims] . . . are unpatentable."  Id. at 2.  This Court's review of the PTAB's docket reveals that this IPR is ongoing and is being actively litigated.  See, e.g., id., dkt. 59, 8-26-15 PTAB Order Granting Request for Oral Argument.  This Court also notes that the PTAB recently issued a comprehensive decision denying a petition by the Entities to, in effect, reargue the portion of the PTAB's decision declining to institute an IPR as to the Other Claims.  See PTAB Case No. IPR2015-00580, dkt. 22.

**THE ENTITIES** also petitioned the PTAB to institute an IPR to invalidate the '370 Patent for being anticipated and obvious.  See, e.g., PTAB Case No. IPR2014-00935, dkt. 10 at 20, 26–31, 34–35, 48, 58.  The PTAB issued a decision — which featured comprehensive analysis and claim construction — granting the petition and instituting an IPR.  See id., dkt. 19 at 2, 25–27.  The PTAB, in doing so, found that the Entities "demonstrated a reasonable likelihood of showing" that most of the claims "of the '370 patent are unpatentable."  Id. at 2.  This Court's review of the PTAB's docket reveals that this IPR is ongoing and is being actively litigated.  See, e.g., id., dkt. 53, 8-26-15 PTAB Order Granting Request for Oral Argument.

**THE ENTITIES** also petitioned the PTAB to institute an IPR to invalidate the '700 Patent for being obvious.  See, e.g., PTAB Case No. IPR2014-00937, dkt. 15.  The

3

PTAB issued a decision — which featured comprehensive analysis and claim construction — denying the petition and declining to institute an IPR as to the '700 Patent. See id., dkt. 23. The PTAB thereafter denied a petition by the Entities to, in effect, reargue the PTAB's decision declining to institute an IPR as to the '700 Patent. See id., dkt. 25.

**THE DEFENDANTS** now move for a stay of the Consolidated Actions until final decisions have been issued in all of the IPRs. (See generally dkt. 177; dkt. 178; dkt. 213.) The defendants correctly argue that discovery in the Consolidated Actions has been limited, and that the plaintiff's compliance with the Federal Rules of Civil Procedure and the Local Civil Rules concerning the proper manner in which to plead claims remains at issue. (See dkt. 177-1 at 14.) The plaintiff has filed papers in response. (See generally dkt. 204; dkt. 205; dkt. 206.)

**THE** "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). This Court may exercise the discretion to decide whether the imposition of a stay is appropriate by weighing these factors: (1) whether a stay will cause undue prejudice to a nonmovant; (2) the status of discovery; and (3) whether a stay will simplify the litigation and promote judicial economy. See Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737–38 (3d Cir. 1983).

**THIS COURT**, upon weighing the aforementioned factors for a stay, intends to: (1) impose a stay of the Consolidated Actions until all of the issues raised in the IPRs reach their final resolutions; and (2) deny the separate motions to dismiss that are pending without prejudice, and with leave to the movants therein to move again when appropriate. The stay will not unduly prejudice the plaintiff, because — as noted repeatedly above — the IPRs are being actively litigated and the decisions therein will soon be forthcoming. Furthermore, a review of the dockets for the Consolidated Actions reveals that discovery remains mired in the initial stages.

**THIS COURT** also would be well-advised to await the issuance of all decisions concerning the invalidity and the patentability of the '477 Patent, the '827 Patent, and the '370 Patent — as well as decisions concerning the Related Patents issued in any IPRs that any party may soon feel emboldened to institute — by the PTAB's administrative patent judges ("APJs") because of their patent expertise. See 35 U.S.C. § 6(a) (stating APJs have legal knowledge and scientific ability); 35 U.S.C. §§ 6(b)(4), (c), 316(c) (stating PTAB conducts IPRs); 35 U.S.C. § 318(a) (stating PTAB will issue written decisions). Thus, a stay of the Consolidated Actions is appropriate here. See Ultratec, Inc. v. CaptionCall, LLC, 611 Fed.Appx. 720, 720–23 (Fed.Cir. 2015) (dismissing appeal and denying mandamus petition concerning a district court order staying a civil patent action that had already reached the post-judgment phase, because a forthcoming decision in a related IPR would provide "guidance" to the district court and "play a critical role").

**THIS COURT** also must await any orders issued by the United States Court of Appeals for the Federal Circuit ("Federal Circuit") and the United States Supreme Court if appeals are taken from the decisions issued in the IPRs. See 35 U.S.C. §§ 141(c), 319 (stating party dissatisfied with IPR decision may appeal from decision to Federal Circuit). For this Court to impose a stay of the Consolidated Actions pending any appellate litigation would not be an unusual result. See Trs. of Columbia Univ. v. Illumina, Inc., D. Del. No. 12-376, dkt. 89 (April 2013 order staying district court patent action pending the final outcome of related IPR); see also Trs. of Columbia Univ. v. Illumina, Inc., No. 14-1547, No. 14-1548, No. 14-1550, 2015 WL 4385761, at *1–2 (Fed.Cir. July 17, 2015) (determining appeal from IPR decision while the afore-cited related district court action was stayed); see also Ultratec, Inc., 611 Fed.Appx. at 720 (noting — in dismissing appeal and denying mandamus petition concerning a district court order staying a civil patent action due to a pending IPR decision — the district court properly held that the extent of the stay "includ[ed] the exhaustion of any appeals").

**THIS COURT** rejects the plaintiff's contention that all of the defendants should be required to stipulate to be estopped from raising arguments in the Consolidated Actions that are resolved in the IPRs. (See, e.g., dkt. 204 at 8; dkt. 204-2 at 4.) Whether any decisions issued by the PTAB, the Federal Circuit, or the United States Supreme Court will have an estoppel effect in the Consolidated Actions — thereby potentially precluding the parties, including the defendants that have not instituted IPRs, from relitigating the same issues that will be addressed in the IPRs — will be controlled by 35

6

U.S.C. § 315(e) and any related case law.  See 35 U.S.C. § 315(e)(2) (barring certain arguments from being raised in civil actions by an IPR petitioner, "or the real party in interest or privy of the petitioner").  This Court will not venture to determine the extent of that estoppel effect on the parties not listed among the Entities until the PTAB, the Federal Circuit, or possibly the United States Supreme Court have issued their decisions.[2]

**THIS COURT** will deny the separate motions to dismiss that are pending without prejudice, but does not necessarily approve of the manner in which the plaintiff has drafted its amended pleadings for the Consolidated Actions.  The plaintiff must seek guidance from the Magistrate Judge concerning the manner in which to draft new pleadings that: (1) will reflect the state of the Consolidated Actions upon the resolution of all issues in the IPRs; and (2) are in compliance with the Federal Rules of Civil Procedure and the Local Civil Rules.  Furthermore, the Magistrate Judge will determine when any outstanding responsive pleadings from any defendants should be filed, i.e., either soon or after the stay has been extinguished.

**THIS COURT** also will direct the parties to contact the Magistrate Judge **before** moving to extinguish the stay.  The Magistrate Judge will then conduct a conference in

---

[2] The statutes concerning the current IPR process did not go into effect until September 2012.  See Versata Dev. Grp. v. SAP Am., 793 F.3d 1306, 1310 n.5 (Fed.Cir. 2015) (discussing same).  As of the date of this Memorandum Opinion, there is a dearth of appellate guidance concerning the extent to which parties may be estopped from raising certain arguments in a civil patent action as a result of a decision issued by the PTAB under the current IPR process.  At this juncture, this Court is hesitant to cite unpublished district court cases that have not withstood appellate scrutiny in this emerging area.

order to assure that the need for a stay no longer exists, and to guide the parties in the proper manner to engage in further motion practice in the Consolidated Actions under this civil action number. This Court notes that several parties have failed to file papers under this civil action number in the manner directed by the Magistrate Judge.

**FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order: (1) staying all of the Consolidated Actions; and (2) denying the separate motions to dismiss certain claims that are pending without prejudice.

      s/ Mary L. Cooper  
      **MARY L. COOPER**  
      United States District Judge

**Dated:** September 21, 2015